UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID MUSSALLIHATTILLAH,

                                 Plaintiff,

                                                    DECISION AND ORDER

                                                    04-CV-6553L

           v.

MICHAEL P. MC GINNIS,
Superintendent Southport Correctional Facility,
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES,

                                 Defendants.

_____

       Plaintiff, Dawud Mussallihattiillah, commenced this action against the New York State

Department of Correctional Services ("DOCS"), and Michael McGinnis, who at the time of the

events giving rise to this action was employed by DOCS as the Superintendent of Southport

Correctional Facility.  Plaintiff, who at the time was also employed by DOCS as a Muslim

Imam/Chaplain at Southport, has asserted various claims of employment discrimination under

federal and state law.

       On January 17, 2008, defendants moved to dismiss the complaint for failure to prosecute,

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  At that point plaintiff had taken no

action in the case since his then-attorney was permitted to withdraw from the action on October 17,

2005.

On February 19, 2008, plaintiff responded to the motion by way of affidavit, in which he "apologize[d] for the time lapse in this case ...," adding that he "remain[s] determined to obtain a hearing" and that he "ha[s] certainly not abandoned [his] complaint." Dkt. #17 ¶ 4. Plaintiff states that he "ha[s] had difficulties obtaining a lawyer ...," and that "[t]wo surgeries and insufficient income have hindered [his] pursuit of legal counsel." *Id.* ¶¶ 3, 4. He adds that he is "prepared to proceed with [his] case *pro se*" if need be. On the same day that he filed that affidavit, plaintiff also filed his first set of interrogatories. Dkt. #18.

In a reply affirmation, defendants' attorney argues that dismissal for failure to prosecute remains appropriate. He notes that "[p]laintiff has failed to allege what steps he has taken during the last two years to obtain counsel," and that plaintiff has apparently failed to comply with his obligation under Local Rule 5.2(d) to keep the Court apprised of his current mailing address at all times, since the mailing address on plaintiff's most recent submissions differs from that on file with the Court. *See* Dkt. #18 at 1.

In addition, defense counsel states that defendant McGinnis, the only individual defendant named in this action, has retired from DOCS, and that he therefore "does not have access" to relevant DOCS records. Counsel also contends that McGinnis has "lost some recollection concerning the details" of the relevant events. Bruce Reply Aff. (Dkt. #19) ¶ 5.

Whether to dismiss an action for failure to prosecute is committed to the discretion of the district court. *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2ᵈ Cir. 2008) (per curiam). In making that determination, the court should consider: (1) the duration of the delay caused by plaintiff's failure to prosecute; (2) whether plaintiff was put on notice that further delay

would result in dismissal; (3) the likelihood that defendants would be prejudiced by further delay; (4) the need to alleviate court calendar congestion, as balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *Id.* No one of these factors is dispositive. *United State ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2ᵈ Cir. 2004); *Dodson v. Runyon*, 86 F.3d 37, 40 (2ᵈ Cir. 1996).

In applying these factors, I am mindful that the Court of Appeals for the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits," and that it "ha[s] recognized that dismissal is a harsh remedy to be utilized only in extreme situations." *Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 249 (2ᵈ Cir. 1996) (internal quotation marks and citations omitted); *accord Price v. Engert*, No. 04-CV-6497, 2007 WL 3231984, at *2 (W.D.N.Y. Oct. 30, 2007). The court has also noted that because *pro se* litigants are granted "special leniency regarding procedural matters," a Rule 41(b) dismissal of a *pro se* litigant's complaint is only appropriate "when the circumstances are sufficiently extreme." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2ᵈ Cir. 2001) (internal quotation marks and citations omitted).

Although the matter is a close one, I find that on balance, the relevant factors in the case at bar weigh against dismissal at this point. I will therefore deny defendants' motion, but at the same time, I strongly caution plaintiff that further unjustified delays on his part may result in dismissal of his complaint.

The delay here–two years and three months between the withdrawal of plaintiff's attorney and defendants' motion to dismiss–was unquestionably substantial. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 194 (2ᵈ Cir. 1999) (describing interval of about a year and ten months during

- 3 -

which plaintiff failed to prosecute his lawsuit as "a prolonged period"). The first factor, then, weighs in favor of dismissal.

As to the second factor, it does not appear that plaintiff received any notice, prior to the filing of defendants' motion, that his case was in danger of dismissal for failure to prosecute. Any notice given by that motion itself is irrelevant to the Court's analysis, since the Second Circuit has made clear that "the question [the court] must answer ... is whether [plaintiff] received notice 'that *further* delays would result in dismissal.'" *Drake*, 375 F.3d at 255 (emphasis added). *See also id.* at 255-56 (stating that "[c]learly the notice factor does not favor dismissal" where plaintiff did not receive "notice that [his] case would be dismissed if there was *further* delay," but rather, received only "notice that [his] case would be dismissed as a result of the *past* delay") (second emphasis added).

With respect to the prejudice factor, defendants mainly rely on the alleged fading of McGinnis's memory concerning the relevant events, which appear to have occurred mostly in 2001. The Second Circuit has stated that prejudice may be presumed where the delay is lengthy. *Shannon*, 186 F.3d at 195 (stating that "[b]ecause the events at issue in this lawsuit took place more than a decade before the district court dismissed the case, the likelihood that evidence in support of the federal defendants' position had become unavailable and that their witnesses' recollection had diminished was quite large"); *see also Peart v. City of New York*, 992 F.2d 458, 462 (2ᵈ Cir. 1993) (noting that "some of [defendants'] witnesses likely would have been unavailable or their recollection of the events at issue may well have been diminished" had the case been further delayed, where underlying events had occurred over five years earlier).

Aside from a loss of "some recollection" of the relevant events on McGinnis's part, however, defendants have not identified any particular prejudice in this regard.  They contend that having retired, McGinnis "does not have access to records concerning plaintiff's employment," Dkt. #19 ¶ 5, but presumably the New York State Attorney General's Office, which continues to represent McGinnis, has or could seek access to whatever such records are relevant to plaintiff's claim.  The prejudice prong, then, "does lean in the direction of dismissal, [but] it does so only slightly." *LeSane*, 239 F.3d at 210 (noting that "there is no evidence in the record that plaintiff's delay ... caused any particular, or specially burdensome, prejudice to defendants beyond the deelay itself"); *see also Cole v. Goord*, No. 05 CIV. 2902, 2007 WL 2351066, at *3 (S.D.N.Y. Aug. 16, 2007) ("Defendants argue that plaintiff's delay 'will lead to some loss of memory' relevant to this action, but defendants concede that 'it is unclear' whether they will suffer any 'actual prejudice' from the delay").

Concerning the fourth factor, the need to alleviate court calendar congestion, as balanced against plaintiff's right to an opportunity for a day in court, the Second Circuit has stated that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *LeSane*, 239 F.3d at 210 (quoting *Lucas v. Miles*, 84 F.3d 532, 535-36 (2$^{\text{d}}$ Cir. 1996)).  Dismissal of any case for any reason will always result in *some* relief of court congestion, but I see no unusual circumstances here that would warrant giving greater weight to what would be no more than a marginal reduction of the court's docket than to plaintiff's interest in being afforded an opportunity to have his case decided on the merits.

Fifth, I must consider the availability and efficacy of less severe sanctions than dismissal. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 139-40 (2ᵈ Cir. 2007) (vacating and remanding in part because district court did not consider the efficacy of lesser sanctions than dismissal); *LeSane*, 239 F.3d at 210 (stating that "most importantly, there is no indication that the district court considered" any lesser sanction than dismissal under Rule 41(b)). Given the posture of the case before me, no more moderate sanction immediately presents itself; *cf. LeSane*, 239 F.3d at 210 (noting that district court, which had been presented with summary judgment motion by defendant when it dismissed the case for failure to prosecute, could have "impos[ed] the lesser, and more tailored, sanction of deeming the assertions in defendant's rule 56.1 statement as admitted by plaintiff and then ruling on the merits of defendant's summary judgment motion without further delay"). I am not convinced, however, that any sanction is called for here, aside from an unequivocal warning to plaintiff that he must actively prosecute this case, with or without counsel, or risk dismissal for failure to prosecute.

Finally, I note that "it is entirely proper for the judge to consider the likely merits of the suit in deciding whether to dismiss it for failure to prosecute." *Dosunmu v. United States*, 361 F.Supp.2d 93, 99 (S.D.N.Y. 2005) (quoting *Ball v. City of Chicago*, 2 F.3d 752, 759 (7ᵗʰ Cir. 1993)). Here, plaintiff alleges, and defendants have not denied, that the Equal Employment Opportunity Commission ("EEOC") issued a Cause Letter of Determination on July 7, 2003, finding reasonable cause to believe that unlawful employment practices occurred in this case. Amended Complaint (Dkt. #9) ¶ 9; Defendants' Answer (Dkt. #12) ¶ 1. While not determinative, that is some evidence that plaintiff's claims may have merit, which further weighs in favor of allowing them to be decided

on the merits.  *See, e.g.*, *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1287-88 (11ᵗʰ Cir.

2008); *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2ᵈ Cir. 1985), *aff'd*, 479 U.S. 60

(1986).


**CONCLUSION**


Defendants' motion to dismiss the complaint for failure to prosecute (Dkt. #14) is denied.

Plaintiff is hereby admonished, however, that further unjustified delays on his part, or

noncompliance with Court orders, may result in the dismissal of his complaint with prejudice.

Plaintiff is also reminded of his obligation as a *pro se* litigant to keep the Court advised at all time

of his current mailing address, as required by Local Rule 5.2(d).

This case has been referred to United States Magistrate Judge Jonathan W. Feldman who will

schedule a conference to set deadlines and procedures for prosecuting the action.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       May 30, 2008.